**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

JOHN EARL JORDAN, JR.
                                                                      PETITIONER
Reg. #07438-043

V.                        2:09-cv-00092-WRW-JJV

UNITED STATES OF AMERICA; and                        RESPONDENTS
T. C. OUTLAW, Warden, FCI-Forrest City

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge William R. Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.     Why the record made before the Magistrate Judge is inadequate.

    2.     Why the evidence to be proffered at the hearing before the District Judge (if such a

    hearing is granted) was not offered at the hearing before the Magistrate Judge.
3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 500 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

  Now before the Court is Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2241 of John Earl Jordan, Jr, an inmate in the custody of the Forrest City Low Unit of the Federal Correctional Institution (FCI).

**I. Background**

  Petitioner was prosecuted in the United States District Court for the Southern District of Mississippi for violations of 18 U.S.C. § 2113(a), in case numbers 1:04-cr-00003, 1:05-cr-00051; 1:06-cr-00001; 1:06-cr-00002; and 1:06-cr-00003. Petitioner pled guilty and was sentenced in case number 1:06-cr-00002 on May 3, 2006, to 114 months of incarceration and three years of supervised release, to run concurrently with sentences in case numbers 1:04-cr-00003, 1:05-cr-00051; 1:06-cr-00001; and 1:06-cr-00003. Petitioner was also ordered to pay restitution in the amount of $30,607.00. *See* U.S. District Court for the Southern District of Mississippi Criminal Docket for Case Number 1:06-cr-00002-LG-RHW-1. Petitioner did not file a direct appeal from the convictions or sentences.

On April 11, 2008, Petitioner filed a Motion to Vacate under 28 U.S.C. § 2255 in the Southern District of Mississippi. It appears from the relevant docket sheets that Petitioner filed the same § 2255 motion in case number 1:04-cr-00003 and in cases 1:06-cr-00001, 1:06-cr-00002, and 1:06-cr-00003, collectively. The district court, in case number 1:04-cr-00003, denied Petitioner's motion on August 13, 2008, and denied *sua sponte* Petitioner's certificate of appealability. Petitioner sought a certificate of appealability from the United States Court of Appeals for the Fifth Circuit but his certificate was denied on August 21, 2009. The district court, in case numbers 1:06-cr-00001, 1:06-cr-00002, and 1:06-cr-00003, denied Petitioner's § 2255 motion on October 22, 2009.

On January 12, 2009, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.[1] *See* U.S. District Court for the Northern District of Alabama Civil Docket for Case Number 1:09-cv-00057-WEH-HGD. In that petition, Petitioner argued that he was not challenging his underlying convictions, but instead, was challenging the "illegal execution/enforcement" of the sentences imposed as a result of the convictions. He stated that he sought habeas corpus review of the Bureau of Prisons "illegal and unconstitutional application (enforcement/execution) of illegal criminal judgment." The Northern District of Alabama construed Petitioner's petition as challenging the restitution order as being illegally enforced. However, the court noted "[w]hile Petitioner is attempting to couch his petition in terms of a challenge to BOP financial policy and the way in which money has been withheld from his account to satisfy his restitution obligations, it is abundantly clear that he is really challenging the underlying restitution orders and criminal judgments."

---

[1] Petitioner also filed a Petition for Writ of Habeas Corpus on May 17, 2005. This petition was dismissed by the district court on May 24, 2006. *See* U.S. District Court for the Southern District of Mississippi Civil Docket for Case Number 1:05-cv-00234-LG-JMR.

The district court found that these arguments were challenges to the conviction itself and were only cognizable in a § 2255 brought before the sentencing court. The district court held that "[i]f the court considers only Petitioner's challenge to the IFRP [Inmate Financial Responsibility Program] and the manner in which it has been applied to him, Petitioner is still not entitled to relief" because the sentencing court clearly imposed separate orders of restitution for each of the six counts against him.

Petitioner filed the instant § 2241 petition on July 16, 2009, in which he raises two arguments. First, he argues that the judgments in 1:04-cr-0003, 1:05-cr-00051; 1:06-cr-00001; 1:06-cr-00002; and 1:06-cr-00003 were illegal and that they are being "illegally non-concurrently applied and executed/enforced by the Bureau of Prisons (BOP) in an illegal manner that has now come to the point of being criminally executed/enforced." (Doc. No. 1 at 1). Second, petitioner alleges that money was taken from his inmate trust fund without an IFRP contract in place. (*Id.*). This second argument is identical to that in his previous § 2241 petition filed in the Northern District of Alabama.

The Respondent argues that Petitioner's allegations are not cognizable in a § 2241 petition, but instead should be raised in a § 1983 action because they challenge his conditions of confinement. (Resp't Brief at 2).[2] In the alternative, Respondent argues that Petitioner has failed to exhaust his administrative remedies. (*Id*. at 3-4). Lastly, Respondent argues that Petitioner's allegations that his judgments are illegal directly attack the legality of his convictions and sentences and therefore are only cognizable in a § 2255 petition.

---

[2]Respondent's argument that Petitioner's IFRP claim is not cognizable through a § 2241 petition is without merit. Petitioner's IFRP claim attacks the execution of his sentence and is properly attacked through this habeas action. *See Matheny v. Morrison*, 307 F.3d 709, 710 (8th Cir. 2002).

**II.     Analysis**

   **A.     Illegal Judgment Argument**

Petitioner argues that the judgments in 1:04-cr-00003, 1:05-cr-00051; 1:06-cr-00001; 1:06-cr-00002; and 1:06-cr-00003 are "fundamentally defective on their face with a mixed/concurrent/consecutive sentencing hybrid in constitutional violations" and are illegal. This argument is exactly the same as that raised in his § 2241 petition filed in the Northern District of Alabama and is therefore successive. Because Petitioner seeks to raise the same claims in this subsequent habeas filing, he must first seek authorization from the United States Court of Appeals for the Eighth Circuit.

Section 2244(b)(1) of Title 28, United States Code, provides that "[a] claim presented in a second or successive habeas corpus application under 2254 that was presented in a prior application shall be dismissed." The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed procedural requirements on federal prisoners, like the Petitioner, who seek to file "second or successive" motions to vacate their sentences. 28 U.S.C. § 2244(b). The AEDPA amended 28 U.S.C. § 2244(b) to prevent the filing of any subsequent habeas corpus petitions absent certification by the appropriate court of appeals for the circuit in which the district court sits. *Id*.

Having found this to be a successive application, Petitioner must seek and obtain permission from the United States Court of Appeals for the Eighth Circuit before this Court can consider the Petition. 28 U.S.C. § 2244(b)(3)(A).

However, even if Petitioner were to obtain authorization from the United States Court of Appeals for the Eighth Circuit, this Court would not have jurisdiction over Petitioner's claims of illegal judgments. A petition pursuant to a § 2241 petition filed on behalf of a sentenced prisoner attacks the execution of his sentence, not the actual validity of the sentence. *Matheny v. Morrison*,

307 F.3d 709, 710 (8th Cir. 2002). The Court construes Petitioner's present § 2241 petition as challenging the legality and validity of his sentence. Therefore, this Court likely would not have jurisdiction to address Petitioner's claims even if he were to obtain certification.

Inmates seeking to collaterally challenge the lawfulness of the imposition of their federal convictions and sentences must generally bring a 28 U.S.C. § 2255 motion to the sentencing court. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), *cert. denied*, 545 U.S. 1147 (2005). Because a § 2255 petition attacks the validity of the conviction or sentence, it is a "further step in the movant's criminal case," and subject matter jurisdiction lies with the convicting and sentencing court. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983).

In contrast, a § 2241 habeas corpus petition attacks the execution of a sentence, or the manner in which the sentence is being carried out and is properly brought before the court presiding in the judicial district where the prisoner is incarcerated. *Matheny*, 307 F.3d at 711-712; *DeSimone*, 805 F.2d at 323; *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009). Therefore, a claim attacking the underlying sentence is properly considered in a § 2255 petition before the sentencing court and a claim attacking the execution of the sentence is properly brought in a § 2241 petition in the jurisdiction where the petitioner is incarcerated. *Nichols*, 553 F.3d at 649. Petitioner's claims must be brought before the United States District Court for the Northern District of Alabama where he was convicted and sentenced, or to the appropriate court of appeals, the United States Court of Appeals for the Fifth Circuit.

For this Court to be permitted to invoke jurisdiction over Petitioner's § 2241 petition, the Petitioner must prove the inadequacy or ineffectiveness of seeking § 2255 relief from the sentencing court. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), *cert. denied*, 545 U.S. 1147 (2005);

*Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). A § 2241 petition for habeas corpus relief "shall not be entertained if it appears that the applicant ha[d] failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention."[3] 28 U.S.C. § 2255(e). When a petitioner had an "unobstructed procedural opportunity" to present a claim, his failure to seize that opportunity does not render § 2255 inadequate or ineffective to test the legality of his conviction or sentence. *Abdullah*, 392 F3d at 963. The Petitioner has the burden of demonstrating the inadequacy or ineffectiveness of seeking § 2255 relief from the sentencing court. *Id*. at 959. This is a "narrowly circumscribed 'safety valve.'" *United States ex. rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061-62 (8th Cir. 2002).

Petitioner's allegations ultimately challenge his conviction and unless Petitioner can establish that § 2255's safety valve applies, his petition is barred by § 2255's exclusive remedy rule. He has failed to present any evidence to satisfy his burden of demonstrating the inadequacy or ineffectiveness of seeking § 2255 relief. The mere fact that the district court and the United States Court of Appeals rejected his § 2255 claims is not enough. Accordingly, this Court would likely lack jurisdiction over Petitioner's claims and could not entertain his petition under 28 U.S.C. § 2241.

With regard to Petitioner's argument that the BOP is not running his sentences concurrently, Petitioner has provided this Court with no evidence that the BOP is not correctly carrying out his

---

[3] *See also, United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (While courts have not thoroughly defined what is meant by "inadequate or ineffective," recent cases make clear that more is required than demonstrating that there is a procedural barrier to bringing a § 2255 motion. . . (citation omitted). Specifically, the § 2255 motion is not inadequate or ineffective merely because § 2255 relief has already been denied . . . (citations omitted), or because petitioner has been denied permission to file a second or successive § 2255 motion , . . . (citations omitted), or because a second or successive § 2255 has been dismissed, . . . (citation omitted), or because petitioner has allowed the one year statute of limitations and/or grace period to expire.

sentence. A review of the Federal Bureau of Prisons website indicates that Petitioner's release date is scheduled for March 24, 2012. Given that Petitioner was sentenced on May 3, 2006, but had been in custody since his arrest in January of 2004 and likely was given credit for time served, the projected release date of March 24, 2012, appears to comport with a 114 month sentence.

### B.   Money Improperly Taken from Inmate Trust Account Argument

Petitioner alleges that $133.00 was taken from his inmate trust fund without his consent or approval because there was no IFRP contract in place as required in BOP Program Statement 5380.08. The Court must first consider Respondent's claim that Petitioner has failed to exhaust his administrative remedies. Respondent contends the Petitioner has failed to complete the administrative remedy process regarding the alleged taking of funds from his account without authorization. Respondent cites 28 C.F.R. § 542 as authority for requiring the Petitioner to exhaust all administrative remedies before seeking relief in this Court.

Before filing an action in district court, an inmate must first exhaust his administrative remedies by presenting his claim for relief to the Bureau of Prisons (BOP). *United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000).

Based upon the record before the Court, namely the Administrative Remedy Grievance Retrieval dated September 14, 2009 (Resp't Exhibit A at 7), it appears that Petitioner did seek an administrative remedy alleging that BOP staff was "stealing from him because there was no contract for the IFRP." The remarks on the grievance report indicate the grievance was rejected because it was "sen," but the Court is not clear on what "sen" means and has not been provided with an explanation. While nothing in the report indicates that the Petitioner sought any further administrative relief, the record remains unclear about the administrative process. Thus, justice requires that the Court address Petitioner's argument on the merits.

The IFRP was developed to help inmates develop financial plans to meet their court imposed financial obligations. 28 C.F.R. § 545.10. At the initial classification, the BOP's unit team reviews "an inmate's financial obligations, using all available documentation, including, but not limited to, the Presentence Investigation and the Judgment and Commitment Order(s). 28 C.F.R. § 545.11. The BOP staff is required to review an inmate's financial obligations and monitor their progress in meeting that obligation. 28 C.F.R. § 545.11. While participation in the IFRP is not mandatory, non-participation is considered a refusal to participate in the program. 28 C.F.R. § 545.11(d). If an inmate refuses to participate or comply with provisions of the IFRP, he is not eligible for several program privileges, including furloughs, outside work details, and community-based programs. *Id*.

The United States Court of Appeals for the Eighth Circuit has held that it is within the BOP's discretion to place an inmate in the IFRP payment plan when the inmate's monetary penalties were ordered due by the court immediately. *Matheny v. Morrison*, 307 F.3d 709, 712 (8th Cir. 2002). The United States Court of Appeals for the Eighth Circuit reasoned that "[t]he immediate payment directive is generally interpreted to require 'payment to the extent that the defendant can make it in good faith, beginning immediately.'" *Id*. at 712. (quoting *United States v. Jaroszenko*, 92 F.3d 486, 492 (7th Cir. 1996). *See also*, *McGhee v. Clark*, 166 F.3d 884, 886 (7th Cir. 1999) (holding that where the sentencing court imposed a fine and special assessment due in full immediately, the BOP's payment schedule to the IFRP did not conflict with the sentence court's immediate payment order); *Montano-Fiqueroa v. Crabtree*, 162 F.3d 548, 550 (9th Cir. 1998) (finding that when the judgment only sets the amount of the fine and not the method of payment, the defendant's fine is considered to be due immediately and prisons have the authority to require inmates to pay restitution through the BOP's work programs).

In this case, Petitioner was ordered to pay a lump sum of $30,607.00 due immediately, with

any unpaid balance to be paid at a rate of not less than $100.00 per month.  (Resp't Ex. B at 5-6). The Judgment and Commitment order does not require that the amount of the payments made by Petitioner through the IFRP be limited to $100.00.  Instead, the $100.00 per month is the minimum amount of money required and the BOP is permitted to devise a payment plan with Petitioner of more than $100.00.

The United States Court of Appeals for the Seventh Circuit has held that 28 C.F.R. § 545.11(b) permits BOP staff to unilaterally accelerate or increase an inmate's payments under the IFRP, and to consider funds obtained from outside sources as available resources in determining the appropriate payment.  *See McGhee v. Clark*, 166 F.3d 887, 887 (7th Cir. 1999).  Petitioner signed an IFRP plan while in the Talladega FCI in September 2008 that permitted the BOP to take $100.00 a month out of his account.  He now argues that he did not sign an IFRP contract upon his arrival at Forrest City and therefore the withdrawal of $133.00 from his account is illegal and a violation of  BOP Program Statement 5380.08.  However, because the BOP is vested with the discretion to increase an inmate's payment when considering funds obtained from outside sources, the BOP's decision to increase his IFRP payment was not an abuse of discretion.

Courts must look at whether the $33.00 increase in the IFRP was a "dramatic departure from the basic conditions of the inmate's sentence."  *See Sandin v. Connor*, 515 U.S. 472, 487 (1995). This Court finds it is not.  The payment of $33.00 extra is not a dramatic departure from the basic conditions of Petitioner's sentence and the BOP was within its authority to withdraw an extra $33.00.

**III.    Conclusion**

For the foregoing reasons, it is recommended that Petitioner's petition be DISMISSED with prejudice and the relief requested be DENIED.  Additionally, Petitioner's outstanding motions, Document Numbers 3, 9, and 13 should be DISMISSED as moot.

10

IT IS SO ORDERED this <u>18th</u> day of December, 2009.

                                                                 /s/ Joe J. Volpe
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE