**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

**JOHN EARL JORDAN, JR.**                                                                **PETITIONER**
**Reg. #07438-043**

**V.**                                        **2:09-cv-00092-WRW-JJV**

**UNITED STATES OF AMERICA;**
**T. C. OUTLAW, Warden, FCI-Forrest City**                              **RESPONDENTS**

<u>ORDER</u>

Petitioner, John Earl Jordan, Jr.,  filed a habeas petition pursuant to 28 U.S.C. § 2241 on

July 16, 2009 (Doc. No. 1).  In his petition, Mr. Jordan raised two arguments: (1) the judgments

in his prior criminal cases were illegal/void and they were being "illegally non-concurrently

applied and executed/enforced by the Bureau of Prisons (BOP) in an illegal manner that has now

come to the point of being criminally executed/enforced," and (2) money was taken from his

inmate trust fund without an IFRP contract in place.[1]  On January 11, 2010, this Court entered an

order dismissing Petitioner's habeas petition with prejudice.[2]  Now pending are the "Next

Friend" petitions of Mr. Jordan's parents, Inez Jordan and James Earl Jordan, Sr.[3]

In some circumstances, a "next friend" has standing to proceed on another party's behalf.

Under 28 U.S.C. § 2242, an "application for a writ of habeas shall be in writing signed and

verified by the person for whose relief it is intended or <u>by someone acting in his behalf</u>."[4]

However, "next friend" standing "is by no means granted automatically to whomever seeks to

---

[1] *Id.*

[2] Doc. No. 33.

[3] Doc. Nos. 45, 46.

[4] Emphasis added.

pursue an action on behalf of another."[5]  A "'next friend' does not himself become a party to the

habeas corpus action in which he participates, but simply pursues the cause on behalf of the

detained person, who remains the real party in interest."[6]

The Supreme Court of the United States has established two prerequisites for "next

friend" standing.[7]  First, a "'next friend' must provide an adequate explanation - such as

inaccessibility, mental incompetence, or other disability - why the real party in interest cannot

appear on his own behalf to prosecute the action."[8]  Second, "the 'next friend' must be truly

dedicated to the best interests of the person on whose behalf he seeks to litigate... and it has been

further suggested that a 'next friend' must have some significant relationship with the real party

in interest."[9]

Inez Jordan argues she should be allowed to file the petition as a "next friend" because

"as well as being his mother, who has cancer and needs her son at home to help the family, not

serving a Void Judgment for the Government's financial gain and to protect those Void

Judgments and guilty officials behind them."[10]  James Earl Jordan, Sr. argues he should be

allowed to file the petition as a "next friend" because his "son is in the hole and is not able to

fully defend himself [because] (1) he does not have all legal materials, (b) he cannot get to the

needed tools to defend himself properly, and (3) he is trapped there because of his fear of Unit

W-B Counselor, K. Brown, who is the person whom has been reported of the crime, that my son

---

[5]*Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990).

[6]*Id.*

[7]*Whitemore*, 495 U.S. at 163.

[8]*Id.*

[9]*Id.* at 163-64.

[10]Doc. No. 45 at 2.

has been denied any redress."[11]  In both petitions, Inez Jordan and James Earl Jordan, Sr. reargue the merits of their son's original habeas claims.

Neither of Petitioner's parents have satisfied the burden of establishing his inability to prosecute the action himself.  Furthermore, John Earl Jordan, Sr.'s reasoning that Petitioner cannot prosecute the action on his own behalf because he is "in the hole" does not satisfy the requirement to proceed as "next friend."   On the contrary, the Court takes notice of the fact that Petitioner is an experienced *pro se* litigator.  He has filed numerous *pro se* motions in the U.S. District Court for the Northern District of Alabama, case no. 1:09-cv-00057-WEH-HGD, and in the instant case.  Petitioner filed and prosecuted his § 2241 habeas petition without any "next friend" help.  In addition, since the Court entered an order dismissing Petitioner's case on January 11, 2010, he has filed six more pleadings, some while placed in administrative segregation: a Motion for Order for FBI Investigation; Motion for Reconsideration; Motion to Void; Motion to Return All Previously Posted Sureties and Posted Promissory Notes; an appeal from the denial of his habeas petition in the United Court of Appeals for the Eighth Circuit, case no. USCA No. 10-1137; and a Motion for Order to Void Judgments.  Finally, the parents' positions are contradicted by the fact that Petitioner filed a Motion for Order on February 1, 2010 -- <u>after</u> his parents file the motion.

Since neither Inez Jordan nor James Earl Jordan, Sr., have demonstrated Petitioner is unable to seek relief on his own behalf and, they do not have standing to file petitions as "next friend."  Accordingly, their petitions (Doc. Nos. 45 and 46) are DISMISSED.  The Clerk of the Court is directed to send a copy of this Order to Inez Jordan and to James Earl Jordan, Sr., and return the $5.00 filing fee submitted by each.

---

[11]Doc. No. 46 at 2-3.

Petitioner's second Motion for Order to Void Judgment (Doc. No. 51) is DENIED for the same reasons that were outlined in the Orders of December 18, 2009, January 21, 2010, and January 22, 2010.[12]

IT IS SO ORDERED this 8th day of February, 2010.

/s/ Wm. R. Wilson, Jr._____
 UNITED STATES DISTRICT JUDGE

---

[12]Doc. Nos. 22, 38, 43.